**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Stephen A. Thomas, P.L.C.,                    Case No. 05-72387
                                               Bankruptcy Case No. 05-40042
                    Appellant,

                                               JUDGE PAUL D. BORMAN
Bankruptcy Estate of Murphy D. Jones,          UNITED STATES DISTRICT COURT

                    Appellee.                  CHIEF JUDGE STEVEN RHODES
_____ /              UNITED STATES BANKRUPTCY COURT


**OPINION AND ORDER REMANDING FEE APPLICATION**
**DETERMINATION TO BANKRUPTCY COURT**

       This mater is before the Court on appeal from the Bankruptcy Court's May 26, 2005

decision on attorney's fees.  The law firm of Stephan A. Thomas, P.L.C. ("Appellant") appeals

the court's order granting Appellant $500 in attorney's fees, plus costs.  Because the Bankruptcy

Court applied an improper legal standard in determining the amount of attorney's fees,

Appellant's fee application is REMANDED.

**I.      BACKGROUND**

       On December 2, 2004, Appellant provided Murphy Jones ("Debtor") a bankruptcy

consultation.  (Appellant's Br. 2).  On January 3, 2005, Appellant filed a Voluntary Petition for

Chapter 13 bankruptcy relief on Debtor's behalf.  (*Id.*).  On April 13, 2005, Debtor's case was

dismissed by the Bankruptcy Court due to poor payment history and unresolved Trustee

objections.  (*Id.*).  On April 19, 2005, Appellant filed a fee application.  (*Id.*).  The application

requested $1,917.85 in fees and $74.33 in costs.  (Fee Application, Ex. A).  Included with the

application was an itemized time record detailing the services rendered, hours spent on each

1

service, and the amount owed for each service. (*Id.*). Additionally, the hourly rates for each attorney were listed with the fee application.[1] On April 28, 2005, the Chapter 13 Trustee filed objections to the fee application. (*Id.*). The Trustee objected to:

> [C]ompensation for the time entries on January 18, 2005, January 24, 2005, January 31, 2005, February 2, 2005, March 3, 2005, March 10, 2005 and March 18, 2005 as excessive based upon the services described. Further, the hourly rate being charged for those services would indicate a level of expertise that contradicts the amount of time spent.

> Trustee objects to compensation for the time entry on March 11, 2005 for attendance at the continued § 341 First Meeting of Creditors.

(Trustee's Obj. 1). The Bankruptcy Court issued an Order Regarding Fee Application of Attorney for Debtor on May 26, 2005, denying Appellant's Fee Application. (Bankr. Case No. 05-40042, May 26, 2005, Fee Application Order 1). The order stated that at the time the Chapter 13 case was dismissed, Debtor had a 45% payment history, the plan was underfunded and there were unresolved objections to the confirmation of the plan. (*Id.*). The court concluded that the "record create[d] a substantial question about whether this bankruptcy case should have been filed, and about whether the debtor's counsel properly screened the case for viability and feasibility." (*Id.*).

Appellant initiated this appeal on July 13, 2005 and filed his brief on July 18, 2005. The Trustee did not file a response brief. At the motion hearing, the Trustee explained that it did not respond to the appeal because the Bankruptcy Judge did not award fees based on the Trustee's fee application objections. Indeed, Trustee counsel acknowledged that his view of proper fees for Appellant was significantly higher than the $500 flat fee awarded by the Bankruptcy Court.

---

[1] Stephen A. Thomas, Esq.: $200.00/hr; Laura L. Ingle, Esq.: $180.00/hr; Steven D. Day, Esq.: $150.00/hr; Mary Jarrett, Office Mgr: $65.00/hr; Ariana Jordan, Paralegal: $65.00/hr.

2

Appellant contends that the Bankruptcy Court abused its discretion when it reduced the amount of attorney's fees. (Appellant's Br. 4). Appellant argues that the lodestar method is used for calculating fees in the Sixth Circuit, citing *In re Boddy*, 950 F.2d 334 (6th Cir. 1991). (*Id.*). Appellant claims that the bankruptcy court did not review his fee application according to the factors associated with 11 U.S.C. § 330. (*Id.*). Appellant further claims that the court concluded its review of the fee application after viewing the first few time entries representing Appellant's initial contact with the Debtor. (*Id.*). Appellant avers that the court made no findings or conclusions on the issues in the Trustee's objections, which included Appellant's time spent or fees for services. (*Id.*).

## II. ANALYSIS

### A. Standard of Review of Bankruptcy Court Decisions

Pursuant to 28 U.S.C. § 158, a district court has jurisdiction over appeals from the bankruptcy court located in the same district. The district court reviews a bankruptcy court's conclusions of law *de novo*, and conclusions of fact under the clearly erroneous standard. *In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004).

> "The bankruptcy court has broad discretion in determining the amount of attorneys' fees, and the award may be reversed only on a showing that the bankruptcy judge abused its discretion. An abuse of discretion occurs only when the bankruptcy court fails to apply the proper legal standard and procedure in making the fee determination or bases the award on clearly erroneous findings."

*Solomon v. Wein*, 145 B.R. 872, 874-75 (W.D. Mich. 1992); *see also In re Kula*, 213 B.R. 729, 735 (B.A.P 8th Cir. 1997). The appellate court should not reverse unless it has a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Mission Indians v. Am. Mgmt.*, 824 F.2d 710,

724 (9th Cir. 1987). "[T]he court's review 'is limited in deference to the bankruptcy judge's familiarity with the work performed by the professional.'" *In re Smith*, 256 B.R. 730, 734 (W.D. Mich. 2000) (citing *In re McKeeman*, 236 B.R. 667 (B.A.P. 8th Cir. 1999)).

### B.    Discussion

"The burden is on the attorney claiming a fee in a bankruptcy proceeding to establish the value and reasonableness of his services." *In re Blain*, Case. No. 94-74718, 1995 WL 871180, *2 (E.D. Mich. 1995) (Zatkoff, J) (unpublished). "An entity in bankruptcy can ill afford to waste resources on litigation; every dollar spent on lawyers is a dollar creditors will never see." *Pioneer Inv. Serv. Co. v. Brunswick*, 507 U.S. 380, 409; 113 S. Ct. 1489; 123 L. Ed. 2d 74 (1993). Applications for attorney's fees must state in detail the time spent and the nature of each task performed so that the court can review the reasonableness of the fees and costs. *Blain*, 1995 WL 871180 at *2.

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a cause under this title;
> >
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue , or task addressed; and
> >
> > (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. 330(a)(3).  Compensation is not allowed for unnecessary duplication of services or services that either were not reasonably likely to benefit the debtor's estates or not necessary to the administration of the case.  11 U.S.C. § 330(a)(4)(A).  However, in a "chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtors' attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor . . ."  11 U.S.C. § 330(a)(4)(B).  "Section 330(a)(4)(B) specifically applies to approval of fees for chapter 13 debtors' attorneys, and it directs the court to look to the factors set forth in section (a)(3)(A), as well as "consideration of the benefit and necessity of such services to the debtor."  *In re Phillips*, 219 B.R. 1001, 1009 (Bankr. W.D. Tenn. 1998) (citing 11 U.S.C. § 330(a)(4)(B)).

The court first must use the lodestar method in determining whether the fees requested are reasonable.  *Boddy*, 950 F.2d at 337; *see also In re Smith*, 256 B.R. 730, 737 (W.D. Mich. 2000); *In re Copeland*, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993); *In re Holka*, Case No. 04-23197, 2005 WL 1806436, *5 (Bankr. E.D. Mich 2005) (unpublished).  It is an abuse of the bankruptcy court's discretion and inconsistent with 11 U.S.C. § 330 if the "lodestar" method is not used.  *Boddy*, 950 F.2d at 337.  The "lodestar" amount is calculated by multiplying the attorney's reasonable hourly rate by the number of reasonable hours performed doing legal work.  *Id*.  "If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper."  *Blain*, 1995 WL 871180 at *8.

The court held in *Boddy* that "at a minimum . . ., the bankruptcy courts must expressly calculate the lodestar amount when determining reasonable attorney fees."  950 F.2d at 338.  In the instant case, the bankruptcy court makes no mention of the lodestar calculation in its opinion.

5

The opinion only states that the record creates a question whether the case should have been filed and whether the debtor's counsel properly screened the case to check for viability and feasibility.

In its objection to the Appellant's application for attorney's fees, the Trustee objected to compensation paid for seven specific days. The Trustee felt that the compensation was excessive based on the services described. The Trustee also objected to the time spent on those days because the "level of expertise" contradicts the amount of time which Appellant allegedly spent on those services. Additionally, the Trustee objected to the entire amount of compensation for March 11, 2005, as the fee covered a continued section 341 First Meeting of Creditors that was only necessary because of Appellant's failure to provide copies of the Debtor's tax returns subsequent to that meeting. The Court notes that when the fees billed for the days at issue are subtracted from the total amount billed,[2] the remaining amount is substantially above the $500 and costs awarded by the Bankruptcy Court.

Though the Appellant bears the burden of showing that his fee request is justified, "the Bankruptcy Court must expressly discuss the amounts that are not supported by the application and provide a reasoning to support the court's decision." *Blain*, 1995 WL 871180 at *8. In the case at bar, there is no discussion of which charges in the time record are provided for in the $500 attorney's fees award. The reason given by the Bankruptcy Court was a general denial of fees that lacked the lodestar fee calculation. Accordingly, the Court remands the case for a fee determination consistent with *Boddy*.

---

[2] The Trustee did not object to the entire amount billed on most of the days in question. The Trustee objected to excessive billing based on the amount charged and the time spent on the service.

**III.**      **CONCLUSION**

For the reasons set forth above, the Court REMANDS for a fee determination consistent with this Court's analysis.  Specifically, the Court REMANDS this case to the Bankruptcy Court for a determination of the lodestar calculation of fees.

**SO ORDERED.**

_____

s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 21, 2005.

s/Jonie Parker_____
Case Manager

7